UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. André M. Espinosa, U.S.M.J. |
| | : | |
| v. | : | Mag. No. 23-11136 |
| | : | |
| H&D SONOGRAPHY LLC | : | <u>ORDER FOR CONTINUANCE</u> |
| | : | |

This matter having come before the Court on the application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Ray A. Mateo, Assistant United States Attorney, appearing), with the consent of Richard Asche, Esq., attorney for defendant H&D Sonography LLC ("H&D"), for an order granting a continuance of the proceedings in the above-captioned matter for a period of 36 months pursuant to a Deferred Prosecution Agreement ("DPA") executed between the United States Attorney's Office for the District of New Jersey and H&D, and attached hereto as Exhibit A, and no continuances having previously been granted by the Court, and H&D being aware that it has the right to have the matter submitted to a grand jury within 30 days of the date of service of summons pursuant to Title 18 of the United States Code, Section 3161(b), and H&D having consented to the continuance and having waived the aforementioned right for a period of 36 months, and for good and sufficient cause shown,

IT IS THE FINDING OF THE COURT that this action should be continued for the following reasons:

1.      The United States and H&D have entered into and desire additional time to allow the implementation of the DPA for the purpose of allowing H&D to demonstrate its good conduct, successful completion of which would render grand jury proceedings and any subsequent trial of this matter unnecessary;

2.      The grant of a continuance will likely conserve judicial resources; and

3.      Pursuant to Title 18 of the United States Code, Section 3161(h)(2) and (h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and H&D in a speedy trial.

IT IS, therefore, on this 17th day of August, 2023,

ORDERED that the motion is granted and that this action be, and hereby is, continued for the period from August 15, 2023, through and including August 15, 2026; and

IT IS FURTHER ORDERED that the period from August 15, 2023, through and including August 15, 2026, shall be excludable in computing time under the Speedy Trial Act of 1974.

_____
HONORABLE ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

Form and entry consented to:


_RAY MATEO_____

RAY A. MATEO
Assistant United States Attorney
United States Attorney's Office
District of New Jersey


_RICHARD ASCHE_____

RICHARD ASCHE, ESQ.
*Counsel for Defendant*
*H&D Sonography LLC*


_____08/15/2023_____

DATE


_____08/16/23_____

DATE

# EXHIBIT A

## DEFERRED PROSECUTION AGREEMENT

Defendant H&D Sonography LLC (hereinafter, "H&D") and the United States Attorney's Office for the District of New Jersey ("the Office") enter into this deferred prosecution agreement (the "Agreement").  The terms and conditions of this Agreement are as follows:

### Criminal Complaint, Waivers, Acceptance of Responsibility, and Civil Resolution

1.    The Office will file the attached Criminal Complaint (the "Complaint") in the United States District Court for the District of New Jersey charging the Defendant with knowingly and intentionally conspiring to violate the Anti-Kickback Statute, contrary to Title 42, United States Code, Sections 1320a-7b(b)(2)(A), and in violation of Title 18, United States Code, Section 371. In doing so, H&D knowingly waives its right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b) and consents to the filing of the Complaint, as provided under the terms of this Agreement, in the United States District Court for the District of New Jersey.  The Office agrees to defer prosecution of H&D pursuant to the terms and conditions described below.  If H&D complies with all of the terms of this Agreement, this Office will not initiate any further criminal charges against H&D for conspiring to violate the Federal Anti-Kickback Statute

in connection with the provision of diagnostic testing services between January 2015 through December 2018.

2.     H&D understands that the statute of limitations may confer benefits upon H&D and that H&D is not required to waive those benefits.  Having been advised by counsel of the potential consequences of this Agreement to H&D's right under the United States Constitution, the applicable statute of limitation of five years, and the Federal Rule of Criminal Procedure 48(b), H&D expressly and voluntarily waives its rights to raise a defense based upon the statute of limitations.

3.     H&D admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents described in the Statement of Facts, which is attached as Attachment A, and that the allegations described in the Statement of Facts are true and accurate. Should the Office pursue the prosecution that is deferred by the Agreement, H&D stipulates to the admissibility of the Statement of Facts in any proceeding by the Office, including trial, guilty plea, or sentencing proceeding, and will not contradict anything in the Statement of Facts at any such proceeding.

4.     Simultaneous with the filing of the Complaint, the Civil Division of the Office will enter into a Civil Settlement Agreement with H&D to settle certain civil claims (the "Civil Settlement Agreement").  H&D will make a payment of $95,000, which is being paid pursuant to the Civil Settlement Agreement to resolve claims settled by that agreement.  In light of the Civil Settlement

Agreement, no additional restitution shall be paid by H&D. The Office in its sole discretion may determine that failure by H&D to comply fully with those material terms of the Civil Settlement Agreement scheduled to occur during the effective period of this Agreement constitutes a breach of the Agreement.

### Term of the Agreement

5.     This Agreement is effective for a period beginning on the date on which the Complaint is filed and ending three (3) years from that date ("the Term").

### Future Cooperation and Disclosure Requirements

6.     H&D shall cooperate fully with the Office in any and all matters relating to the conduct described in this Agreement and the attached Statement of Facts and other conduct under investigation by the Office at any time during the Term, subject to applicable laws and regulations. H&D's future cooperation is a material factor in the decision of the Office to enter into this Agreement. H&D will continue to cooperate fully with the Office and with any other governmental agencies designated by the Office regarding any issue about which H&D has knowledge or information with respect to compliance with federal health care laws, including, but not limited to, laws involving kickbacks, conflicts of interest, health care fraud, fraudulent billing, and/or making false statements to government and regulatory bodies (hereinafter "federal health care laws"). At the request of the Office, H&D shall also cooperate fully with other domestic enforcement and regulatory authorities and agencies in any investigation related

3

to H&D, in any and all matters relating to the conduct described in this Agreement and the attached Statement of Facts.   H&D agrees that its cooperation pursuant to this Paragraph shall include, but not be limited to, the following:

      a.    H&D shall truthfully disclose any and all non-privileged factual information with respect to its activities, including any evidence or allegations and internal or external investigations. This obligation of truthful disclosure includes, but is not limited to, the obligation of H&D to provide to the Office, upon request, any non-privileged document, record, or other tangible evidence about which the Office may inquire of H&D or H&D's subsidiaries.

      b.    During the Term of this Agreement, H&D shall continue to cooperate fully with the Office and with any other governmental agencies designated by the Office and shall make available H&D's business records for inspection.

      c.    It is further understood that H&D must at all times provide complete, truthful, and accurate information.

      d.    This Agreement to cooperate does not apply to any information provided by H&D to legal counsel in connection with the provision of legal advice and the legal advice itself, or information or documents prepared in anticipation of litigation, and nothing in this Agreement shall be construed to require H&D to provide any such information or advice to the Office or any other governmental agency.

      e.    The cooperation provisions in this Agreement shall no longer apply in the event that the Office pursues a criminal prosecution against H&D related to the Complaint.

## Conditional Release from Liability

7.    The Office agrees, except as provided in this Agreement, that it will not bring any criminal case against H&D relating to any of the conduct described in the Statement of Facts or the Complaint filed pursuant to this Agreement. The Office, however, may use any information related to the conduct described

4

in the Statement of Facts against H&D and its agents in: (a) a prosecution for perjury or obstruction of justice; (b) a prosecution for making a false statement; (c) a prosecution or other proceeding relating to any crime of violence; or (d) a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code.

8.      This Agreement does not provide any protection against prosecution for any future conduct by H&D.  In addition, this Agreement does not provide any protection against prosecution for any future conduct by any individuals, regardless of their affiliation with H&D.

### **Deferred Prosecution**

9.      In consideration of the undertakings agreed to by H&D herein, the Office agrees that any prosecution of H&D for the conduct set forth in the attached Statement of Facts be and is hereby deferred for the Term.  To the extent that there is conduct disclosed by H&D that is not set forth in the attached Statement of Facts, such conduct will not be exempt from further prosecution and is not within the scope of or relevant to this Agreement. The Office and H&D agree to jointly move the Court for an entry of an order continuing all further criminal proceedings, including trial pursuant to the Speedy Trial Act, until further motion of the parties, based upon the entry of the Agreement.  If the Court denies the joint motion for any reason, this Agreement shall be null and void and the parties will revert back to their pre-Agreement positions.

5

10.     The Office further agrees that if H&D fully complies with all of its obligations under this Agreement, the Office will not continue the criminal prosecution against H&D described in this Agreement and the attached Statement of Facts and, at the conclusion of the Term, this Agreement shall expire.  Within thirty (30) days of the Agreement's expiration, the Office shall seek dismissal with prejudice of the Complaint filed against H&D described in Paragraph 1 and agrees not to file charges in the future against H&D based on the conduct described in this Agreement and the attached Statement of Facts.

## **Breach of the Agreement**

11.     If, during the Term: (a) H&D commits any felony or misdemeanor under United States federal law; (b) H&D provides in connection with this Agreement deliberately false, incomplete, or misleading information, including in connection with its disclosure of information about individual culpability; (c) H&D fails to cooperate as set forth in Paragraph 6 of this Agreement; or (d) H&D otherwise fails to completely perform or fulfill each of H&D's obligations under the Agreement, regardless of whether the Office becomes aware of such a breach after the Term is complete, H&D shall thereafter be subject to prosecution for any federal criminal violation of which the Office may have knowledge, including, but not limited to, the charges in the Complaint described in Paragraph 1, which may be pursued by the Office in the United States District Court for the District of New Jersey or any other appropriate venue.  Determination of whether H&D has breached the Agreement and whether to pursue prosecution of H&D shall

6

be in the Office's sole discretion.  Any such prosecution may be premised on information provided by H&D.  Any such prosecution relating to the conduct described in the Statement of Facts or relating to conduct known to the Office prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against H&D, notwithstanding the expiration of the statute of limitations.  Thus, by signing this Agreement, H&D agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term.

12.    In the event the Office determines in its sole discretion that H&D has breached this Agreement, the Office agrees to provide H&D with written notice of such breach.  Within thirty (30) days of receipt of such notice, H&D shall have the opportunity to respond to the Office in writing to explain that no breach occurred, the nature and circumstances of such breach, as well as the actions H&D has taken to address and remediate the situation, which explanation the Office shall consider in determining whether to pursue prosecution of H&D.

13.    In the event the Office determines that H&D has breached this Agreement: (a) all statements made by H&D to the Office or to the Court, including the attached Statement of Facts, and any testimony given by H&D before a grand jury, a court, any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such

7

statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Office against H&D; and (b) H&D shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of H&D prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible.

14.    H&D acknowledges that the Office has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if H&D breaches this Agreement and this matter proceeds to judgment.  H&D further acknowledges that any such sentence is solely within the discretion of the United States District Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

### Limitations on Binding Effect of the Agreement

15.    This Agreement is binding on H&D and the Office, but specifically does not bind any other component of the United States Department of Justice, other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities.  However, the Office will bring the cooperation of H&D and its compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by H&D.

8

**Notice**

16.     Any notice to the Office under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail addressed to:

> United States Attorney's Office for the District of New Jersey
> 970 Broad Street, 7th Floor
> Newark, New Jersey 07102

Any notice to H&D under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail addressed to:

> Richard Asche, Esq.
> Litman Asche & Gioiella LLP
> 140 Broadway #38
> New York, New York 10005

or by electronic mail to those individuals or to other counsel or individuals identified to the Office by H&D.  Notice shall be effective upon actual receipt by the Office or H&D.

*\*\*\**

## **Complete Agreement**

17.     This Agreement, including its attachments, sets forth all the terms of the agreement between H&D and the Office.  No amendments, modifications, or additions to this Agreement shall be valid unless they are in writing and signed by the Office, the attorney for H&D, and a duly authorized representative of H&D.

**FOR THE UNITED STATES OF AMERICA:**

PHILIP R. SELLINGER
United States Attorney

_____          08/10/2023
RAY A. MATEO                                                 _____
*Assistant U.S. Attorney*                                   DATE
United States Attorney's Office
District of New Jersey

Approved By:

_____          8/10/2023
MOLLY S. LORBER                                          _____
*Chief, Criminal Division*                               DATE
United States Attorney's Office
District of New Jersey

## COMPANY OFFICER'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with outside counsel for H&D Sonography LLC (hereinafter, "H&D"). I understand the terms of this Agreement and voluntarily agree, on behalf of H&D, to each of its terms.  Before signing this Agreement, I consulted outside counsel for H&D.  Counsel fully advised me of the rights of H&D, possible defenses, the provisions of the United States Sentencing Guidelines, and the consequences of entering into this Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of H&D, in any way to enter into this Agreement.  I am also satisfied with outside counsel's representation in this matter.  I certify that I am the Managing Member of H&D and that I have been duly authorized by H&D to execute this Agreement on behalf of H&D.

**FOR H & D SONOGRAPHY LLC:**


_____           ____08 /07/23____
DIPEN PATEL                                                    DATE
*Managing Member of H&D Sonography LLC*

11

and delivered on behalf of H&D and is a valid and binding

have fully advised H&D of its rights, possible defenses,

United States Sentencing Guidelines, and the consequenc

Agreement. To my knowledge, the decision of H&D to ent

is an informed and voluntary one.


RICHARD ASCHE, ESQ.
*Counsel for H&D Sonography LLC*

8

DA

12

**ATTACHMENT A**

**STATEMENT OF FACTS**

The following Statement of Facts is incorporated as part of the Deferred Prosecution Agreement (the "Agreement") between the United States Attorney's Office for the District of New Jersey (the "Office") and H&D Sonography LLC (hereinafter, "H&D"). H&D agrees and stipulates that the following facts are true and accurate. H&D admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents as set forth below. Should the Office pursue the prosecution that is deferred by this Agreement, H&D agrees that it will neither contest the admissibility of, nor contradict, this Statement of Facts in any such proceeding. The following facts took place between January 2015 and December 2018 and establish beyond a reasonable doubt the charges set forth in the Complaint filed pursuant to this Agreement.

1.      Defendant H&D Sonography LLC (hereinafter, "H&D") was a sonography company and a management company based in Parsippany, New Jersey.

2.      H&D provided health care services to patients that included ultrasound imaging and echocardiograms (collectively, the "diagnostic tests"). H&D had a National Provider Identifier ("NPI"), a unique identification number that insurance programs used to identify health care providers.

3.      Physician-1, Physician-2, and Physician-3 were physicians practicing in New Jersey. Physician-1 and Physician-2 each operated separate medical practices but shared one physical office space (the "Shared Office").

4.      Technician-1 was an ultrasound technician employed by H&D.

5.      Beginning at least as early as January 2015, H&D and others agreed to pay rent in excess of reasonable value to physicians to induce the physicians to refer patients for diagnostic testing to H&D.

6.      These agreements called for inflated rent payments from H&D to the physicians, purportedly to use space in the physicians' offices for a set number of hours each week in order to perform diagnostic tests. However, H&D agreed to pay for significantly more hours than the technicians actually used as a method to funnel payments to physicians.

A-1

7.    For example, from in or around January 2015 through in or around December 2015, H&D paid Physician-1 and Physician-2 approximately $1,000 each per month in order to induce referrals for diagnostic tests to H&D.   H&D structured the payments as sublease payments for the physicians' Shared Office. However, the sublease payments that H&D paid the physicians—totaling $2,000 a month—were more than the value of the total rent that the physicians paid for the Shared Office.

8.    From in or around January 2016 to in or around January 2017, H&D continued paying Physician-1 and Physician-2 approximately $700 each per month in order to induce referrals for diagnostic tests. H&D structured the bribes as sublease payments for the physicians' Shared Office. Under the terms of H&D's contract with Physician-1 and Physician-2, H&D agreed to pay for significantly more hours than the technicians actually used.

9.    Similarly, from in or around January 2015 through in or around December 2015, H&D paid Physician-3 approximately $1,500 per month in order to induce referrals for diagnostic tests. H&D structured the payments as lease payments from H&D ($750 monthly) and Sonography Company-2 ($750 monthly).

10.    From in or around January 2016 continuing at least through April 2017, H&D paid Physician-3 approximately $1,500 each per month in order to induce referrals for diagnostic tests. H&D again structured the payments as lease payments and agreed to pay Physician-3 for significantly more hours than the technicians actually needed.

11.    After H&D began making payments, the physicians in receipt of those payments began to refer patients to H&D for diagnostic tests, which were then billed to Medicare.

12.    H&D and others committed or caused the commission of the following overt acts in the District of New Jersey and elsewhere:

a.    On or about December 1, 2015, H&D caused a payment of approximately $750 to Physician-3 in New Jersey.

b.    On or about December 1, 2015, H&D caused a payment of approximately $750 to be made from Sonography Company-1 to Physician-3 in New Jersey.

A-2

     c.     On or about March 3, 2016, H&D caused a payment of approximately $1,500 to Physician-3 in New Jersey.

     d.     On or about April 1, 2016, H&D caused a payment of approximately $1,500 to Physician-3 in New Jersey.

     e.     On or about April 1, 2016, H&D caused a payment of approximately $700 to Physician-1 in New Jersey.

     f.     On or about April 1, 2016, H&D caused a payment of approximately $700 to Physician-2 in New Jersey.

     g.     On or about May 1, 2016, H&D caused a payment of approximately $700 to Physician-1 in New Jersey.

     h.     On or about May 1, 2016, H&D caused a payment of approximately $700 to Physician-2 in New Jersey.